# Menz Bonner Komar & Koenigsberg LLP

ATTORNEYS AT LAW

444 Madison Avenue, 39th Floor
New York, New York 10022
www.mbkklaw.com

Tel: (212) 223-2100

Fax: (212) 223-2185

January 6, 2016

**VIA PACER & FEDEX**
Hon. Louis L. Stanton
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *Citrus Argentina Corp. v. Rocket Products, Inc.*, 15-cv-538 (LLS) (S.D.N.Y.)

Dear Judge Stanton:

We represent plaintiff Citrus Argentina Corp. ("Citrus") in the above-referenced action. We write in response to defendant Rocket Products, Inc.'s ("Rocket") January 5, 2016 letter seeking a pre-motion conference to amend Rocket's Answer and Counterclaims in this action. Citrus opposes Rocket's motion because the proposed amendment would unfairly prejudice Citrus and unduly delay the impending trial of this action, and is futile.[1]

**Background**. Citrus is a New York-based distributor of lemon juice concentrate, which Citrus imports from Argentina. Citrus brought this simple breach of contract and UCC action against Rocket, seeking over $176,000 in damages, after Rocket obtained, sold, profited from, but refused to pay for, two loads of lemon juice concentrate in October 2014. All depositions and discovery in this action are now complete. Notwithstanding, Rocket now seeks this belated amendment <u>one month</u> prior to the final pretrial conference, scheduled for February 5, 2016, despite Rocket sitting on the information that allegedly necessitates the amendment since Plaintiff's deposition in October 2015. Moreover, under New York law, Rocket's proposed amendments focus on alleged misstatements by Citrus regarding an agreement the parties never entered into, that accurately reflect Citrus's Argentina-based business partner and the producer of the lemon juice concentrate, or are, at worst, "puffery." Rocket's amendment should be rejected as yet another fruitless attempt to avoid payment of the debts it owes Citrus.

**Legal Standards**. Although leave to amend is generally freely given under Fed. R. Civ. P. 15(a)(2), "a motion to amend may be denied for "'futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Canon Inc. v. Tesseron Ltd.*, 2015 WL 4508334, at *2 (S.D.N.Y. July 24, 2015) (citation omitted); *see also Freight (NY) v. KT Superwin Corp.*, 2014 WL 3887744, at *3 (S.D.N.Y. Aug. 6, 2014) (Stanton, J.) (same). "In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the

---

[1] As mentioned at the last status conference, the undersigned will be out of the office on his honeymoon beginning tomorrow, January 7, 2016, through January 18, 2016, and respectfully requests that any conference on this matter occur no earlier than January 19, 2016.

opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Gallagher's NYC Steakhouse Franchising, Inc. v. N.Y. Steakhouse of Tampa, Inc.*, 2011 WL 6034481, at *8 (S.D.N.Y. Dec. 5, 2011) (citation, internal quotation marks omitted). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Canon Inc.*, 2015 WL 4508334, at *2 (internal citations, quotation marks omitted); *see also Endo Pharm., Inc. v. Roxane Labs., Inc.*, 2014 WL 6390297, at *1 (S.D.N.Y. Nov. 14, 2014) ("An amendment to an answer will be futile if it fails to show at least colorable grounds for relief.").

**The proposed amendment would unduly prejudice Citrus, and delay trial of this action**. Rocket's letter seeking leave to amend arrives thirty-one (31) days prior to the final pretrial conference on February 5, 2016, wherein the Court and parties are promptly to set trial dates for this action. The parties have completed discovery in this action, and are meant to be preparing the joint pretrial order, pretrial briefs, and other related filings. Contrary to Rocket's assertions, the proposed amendment asserts entirely new allegations and would therefore require additional discovery, including re-opening depositions of Rocket's main witnesses, which may entail travel expenses to return to St. Louis.[2] Allowing Rocket's proposed amendment at this juncture of the litigation will undoubtedly prejudice Citrus, and delay the trial of this action. *See Bernstein v. Village of Wesley Hills*, 95 F. Supp. 3d 547, 588 (S.D.N.Y. 2015) (leave to amend denied due to delay; counterclaims already dismissed, discovery had been complete, and motions for summary judgment filed); *Schoolcraft v. City of New York*, 296 F.R.D. 231, 238 (S.D.N.Y. 2013) *on reconsideration*, 298 F.R.D. 134 (S.D.N.Y. 2014) ("The proposed counterclaims would force Plaintiff to expend additional resources in conducting discovery and preparing for trial and delay the underlying dispute's resolution, which will cause undue prejudice on Plaintiff."); *Gallagher's NYC Steakhouse Franchising, Inc.*, 2011 WL 6034481, at *8 (allowing amendment would prejudice plaintiff because fact discovery had already concluded, would require discovery on a new set of facts, and delay resolution of the dispute); *Weisshaus v. Fagan*, 2010 WL 2813490, at *7 (S.D.N.Y. July 15, 2010) *aff'd*, 456 F. App'x 32 (2d Cir. 2012) ("permitting Fagan to amend his counterclaim at this late stage of the litigation—i.e., after the close of discovery and after summary judgment practice—would result in severe prejudice to Weisshaus.").

**The proposed amendment is futile**. Rocket's proposed amendment focuses on testimony that purportedly shows that Ms. Cristina Martinez, principal of Citrus, made certain alleged misstatements of fact in connection with the proposed sale of ten (10) loads of lemon juice concentrate by Citrus to Rocket. What Rocket fails to mention, however, is that the purported statements by Ms. Martinez related to a proposed agreement for ten (10) loads, or 770 drums, of lemon juice concentrate *that the parties never entered into*. In addition, as reflected in the parties' various purchase orders, invoices, and correspondence, Rocket was fully aware at all relevant times that it was purchasing, from Citrus, lemon juice concentrate produced by

---

[2] In the event the Court grants Rocket's proposed motion, and additional discovery is required, Citrus respectfully requests that the Court order Rocket to pay for Citrus's costs of conducting additional discovery, including travel to St. Louis. In the alternative, Citrus requests that any further depositions take place in New York.

MENZ BONNER KOMAR & KOENIGSBERG LLP
Hon. Louis L. Stanton
January 6, 2016
Page 3 of 3

Citrusvil, S.A. ("Citrusvil"), a separate entity. Rocket therefore cannot be said to have relied on these alleged misstatements. *See, e.g., Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 290 F. App'x 430, 432 (2d Cir. 2008) (defendant did not rely on any alleged misrepresentations by plaintiff, forestalling defendant's fraudulent misrepresentation defense and counterclaim); *Rodriguez v. It's Just Lunch, Int'l*, 2013 WL 1749590, at *4 (S.D.N.Y. Apr. 23, 2013) (dismissing plaintiff's fraudulent inducement claim due to lack of reliance).

In addition, given Citrus's business relationship with Citrusvil, Coca-Cola's use of Citrusvil lemon juice, and Ms. Martinez's family's role in the growing of the lemons used by Citrusvil, Ms. Martinez's various statements concerning Citrus's sale of Citrusvil lemon juice concentrate cannot be said to have been inaccurate, and are, at worst, mere "puffery." *See, e.g., Sotheby's Fin. Servs., Inc. v. Baran*, 107 F. App'x 235, 238 (2d Cir. 2004) ("[C]onclusory representations or those that constitute 'puffery,' . . . cannot form the basis of a claim for negligent misrepresentation."); *Sheth v. New York Life Ins. Co.*, 273 A.D.2d 72, 74, 709 N.Y.S.2d 74, 75 (1st Dep't 2000) (internal citations omitted) ("The purported misrepresentations relied upon by plaintiffs may not form the basis of a claim for fraudulent and/or negligent misrepresentation since they are conclusory and/or constitute mere puffery, . . . or are contradicted by the written agreement between the parties[.]").

Finally, Rocket's proposed new affirmative defense of economic duress must fail, because Citrus accurately represented to Rocket that there was a shortage *in the lemon juice concentrate market* due to adverse weather conditions in Argentina in early 2014, not in Citrus's own inventory of product. In addition, Rocket was not required to purchase the additional five (5) loads of lemon juice concentrate from Citrus in May 2014, and Rocket had indeed used another supplier of lemon juice concentrate, Rahal Foods, in between purchase orders from Citrus. *See, e.g., Cliffstar Corp. v. Alpine Foods, LLC*, 2010 WL 184366, at *5 (W.D.N.Y. Jan. 14, 2010) *report and recommendation adopted as modified*, 2010 WL.1949588 (W.D.N.Y. May 13, 2010) (since defendant not legally obligated to purchase crop, economic duress defense fails); *Walbern Press, Inc. v. C.V. Commc'ns, Inc.*, 212 A.D.2d 460, 461, 622 N.Y.S.2d 951, 952 (1st Dep't 1995) (economic duress defense failed because "documentary evidence submitted demonstrated that defendant could have obtained the goods from another source of supply."). For these reasons, the proposed amendment is futile.

Based on the foregoing, we respectfully request that Your Honor deny Rocket leave to amend its counterclaims, and for such other relief as the Court deems just and proper.

Respectfully submitted,

Joshua S. Hackman

cc:  Nicole A. Sullivan, Esq. (via PACER)
     Michael C. Whitticar, Esq. (via PACER)